UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AISHA WRIGHT,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-03174 |
| TRANSPORTATON<br>COMMUNICATIONS UNION/IAM,<br>Defendant. | §<br>§<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Summary Judgment filed by Defendant Transportation Communications Union/IAM (Dkt. 37). Having carefully reviewed the motion, response, reply, surreply, applicable law, and the entire record, the motion is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This employment action arises from employer Union Pacific Railroad Company's ("Railroad Company") demotion and subsequent termination of Plaintiff Aisha Wright, who was represented by Defendant Transportation Communications Union/IAM ("Union") in binding arbitration proceedings.

I.   **Wright's claims against the Railroad Company**

In March 2016, Wright alleged that she was demoted from her Claims Representative position at the Railroad Company because of age, race, and sex

1

discrimination and retaliation. On May 5, 2016, the Union filed a grievance on her behalf to a binding arbitration panel.

In August 2016, while the arbitration was still pending, Wright sued the Railroad Company in federal court alleging age, race, and sex discrimination and retaliation. On December 8, 2017, United States District Court Judge Gilmore granted the Railroad Company's motion for summary judgment. *Wright v. Union Pacific*, Civil Action 4:16-cv-2802 (S.D. Tex. Dec. 8, 2017, slip op.). On April 23, 2019, a three-member arbitration panel upheld Wright's demotion as non-discriminatory.

On August 23, 2018, Wright was terminated from her Material Handler position at the Railroad Company. The Union filed another grievance on her behalf. While the arbitration was pending, Wright challenged her termination in federal court alleging discrimination and retaliation.

On January 11, 2021 the arbitration panel upheld her termination. On May 31, 2022, United States District Court Judge Hughes granted the Railroad Company's motion for summary judgment. *Wright v. Union Pac. R.R. Co.*, No. CV H-19-203, 2022 WL 1747002 (S.D. Tex. May 31, 2022), aff'd, No. 22-20322, 2023 WL 395205 (5th Cir. Jan. 25, 2023).

II.     **Wright's claims against the Union**

On March 12, 2020, Wright sued the Union in federal court, *pro se*, alleging that the Union was liable for failing to protect her from discrimination and retaliation in connection to her 2016 demotion and 2018 termination from the Railroad Company ("the 2020 lawsuit"). On November 20, 2020, United States Magistrate Judge Bryan recommended that Wright's claims against the Union be dismissed because (1) Wright's claims were

barred by collateral estoppel, (2) Wright failed to exhaust her administrative remedies, and (3) Wright failed to state a Section 1981 claim for discrimination.[1] *Wright v. Transportation Commc'n Union/IAM*, No. 4:20-CV-0975, 2020 WL 7061874 (S.D. Tex. Nov. 5, 2020), report and recommendation adopted, No. CV H-20-975, 2020 WL 7060213 (S.D. Tex. Dec. 1, 2020). On December 1, 2020, Senior United States District Judge Miller adopted Judge Bryan's recommendation and dismissed Wright's claims against the Union with prejudice. *Wright v. Transportation Commc'n Union/IAM*, No. CV H-20-975, 2020 WL 7060213 (S.D. Tex. Dec. 1, 2020).

On September 22, 2021, Wright filed the pending action, *pro se*, against the Union, asserting the identical claims that were previously dismissed with prejudice by Judge Miller. The Union argues the pending Motion for Summary Judgment should be granted because (1) Wright's claims are barred by res judicata, (2) Wright's claims are barred by collateral estoppel, (3) Wright failed to exhaust her administrative remedies, and (4) Wright failed to state a cognizable claim for discrimination and retaliation against the Union. (Dkt. 37). The Court considers the Union's arguments below.

---

[1] Wright did not respond to the Union's motion to dismiss the 2020 lawsuit. A district court may not grant a motion to dismiss with prejudice based solely on the non-movant's lack of response. *Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011). However, a dismissal with prejudice is appropriate when the district court provides a "merits-based reasoning" for appellate review. *See Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012). Judge Bryan thoroughly analyzed the merits of Wright's claims and found that Wright "has presented no facts that plausibly state a claim for relief and has not requested leave to amend." *Wright*, No. 4:20-CV-0975 at *1. Judge Bryan concluded that "dismissal is appropriate and amendment would be futile." *Id.*; *see Lyons v. Starbucks Coffee Co.*, No.3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) ("[W]hen a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case.").

3

## LEGAL STANDARDS AND APPLICABLE LAW

### I. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1197 (5th Cir. 1986).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also E.E.O.C. v. Simbaki, Ltd.,* 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe *pro se* filings liberally, we still require *pro se* parties to fundamentally abide by the rules that govern the federal courts.") (cleaned up).

## II. Res Judicata

The doctrine of res judicata contemplates, at minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983). Res judicata "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Notably, the "doctrine of res judicata does not depend upon whether or not the prior judgment was right. It rests upon the finality of judgments as a matter of public policy, to the end that controversies once decided shall remain in repose." *Rubens v. Ellis*, 202 F.2d 415, 418 (5th Cir. 1953).

## ANALYSIS

**Wright's claims are precluded by res judicata.**

The Union argues that summary judgment is warranted because Wright's claims are barred by res judicata, given that Wright's complaint (Dkt. 1) asserts identical claims against the Union that were dismissed with prejudice in the 2020 lawsuit. (Dkt. 37 at 16-17). In response, Wright argues that her claims are not barred by res judicata because the 2020 lawsuit was erroneously dismissed with prejudice, given that her "former attorney dismiss[ed her] without any proper notice, ample time for [her] case and left [her] unknowing of the law and procedure." (Dkt. 38 at 8). But Wright was not represented by counsel during the 2020 lawsuit, so she cannot challenge Judge Miller's dismissal with

5

prejudice on that basis. Furthermore, as the Fifth Circuit has made clear, "there is no constitutional right to effective counsel in the civil context." *See Price v. Plantation Mgmt. Co.*, 433 F. App'x 264, 265 (5th Cir. 2011). Thus, the Court will consider the Union's res judicata argument below.

Regarding the first prong of the res judicata analysis—whether the parties are identical or in privity—the Court finds that the parties in the pending suit, Aisha Wright and Transportation Communications Union/IAM, are identical to those in the 2020 lawsuit. *See Wright v. Transportation Commc'n Union/IAM*, No. CV H-20-975, 2020 WL 7060213 (S.D. Tex. Dec. 1, 2020).

Regarding the second prong—whether the judgment in the prior action was rendered by a court of competent jurisdiction—the Court finds that the United States District Court, Southern District of Texas, Houston Division, under the Honorable Gray H. Miller, Senior United States District Judge, is a court of competent jurisdiction.

The Court further finds that the third prong of the res judicata analysis—whether the prior action was concluded by a final judgment on the merits—is satisfied here. As an initial matter, Judge Bryan found that the issue of whether the Railroad Company discriminated or retaliated against Wright in connection to her 2016 demotion was actually litigated in Civil Action No. 4:16-cv-2802. *Wright*, No. 4:20-CV-0975 at *3 (citing *Wright v. Union Pacific*, Civil Action 4:16-cv-2802 (S.D. Tex. Dec. 8, 2017, slip op.)). Hence, Judge Bryan found that Wright's discrimination and retaliation claims against the Union arising from her 2016 demotion were barred by collateral estoppel. Furthermore, Judge Bryan found that the issue of whether the Railroad Company retaliated against Wright in

6

connection to her 2018 termination was actually litigated in Civil Action No. 4:19-cv-0203. *Id.* (citing *Wright v. Union Pacific*, Civil Action 4:19-cv-0203 (S.D. Tex. June 1, 2020, slip op.)). Hence, Judge Bryan found that Wright's retaliation claim against the Union arising from her 2018 termination was also barred by collateral estoppel. Moreover, Judge Bryan found that Wright failed to exhaust her administrative remedies with respect to her discrimination claims against the Railroad Company arising from her 2018 termination. *Id*. at *4. Finally, Judge Bryan found that Wright's Section 1981 claim did "not raise an inference that race was the motivating factor behind any act or failure to act by TCU/IAM or Union Pacific related to her 2018 termination." *Id*. at *5. Thus, the Court finds that Judge Bryan's recommendation of dismissal, adopted in full by Judge Miller, was a final judgment on the merits under the third prong of the res judicata analysis.

    The Court likewise finds that the fourth prong of the res judicata analysis—whether the same claim or cause of action was involved in both actions—is satisfied here. On the fourth prong, courts apply a "transactional test, which requires that the two actions be based on the same nucleus of operative facts." *Oreck Direct, LLC v. Dyson, Inc*., 560 F.3d 398, 402 (5th Cir. 2009) (internal citations omitted). Under the transactional test, a prior judgment's preclusive effect extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004). The Court finds that the same nucleus of operative facts—arising from Wright's 2016 demotion and 2018 termination—are involved in both suits. Indeed, Wright's complaint in this case is word-for-word identical to her complaint in the 2020

7

lawsuit. (20-0975 E.C.F. #1). Thus, the fourth prong of the res judicata analysis is satisfied.

Given that all four res judicata factors have been met here, the Court finds that Wright's claims against the Union are barred. Thus, the Court grants summary judgment in favor of the Union on this basis.

## CONCLUSION

For the reasons stated above, the Union has met its burden in establishing that Wright's claims are barred by res judicata and that the Union is entitled to judgment as a matter of law. Accordingly, the Union's Motion for Summary Judgment (Dkt. 37) is **GRANTED** and the case is dismissed with prejudice. All other pending motions are **DENIED as moot**.

SIGNED at Houston, Texas, this __26th__ day of July, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE